1831.

In the matter
of Hornby's
will.

The sound construction of the 12th and 16th sections of the act of April, 1830,
    amending the revised statutes, is that the chancellor may issue a commis-
    sion to prove a will, either of real or personal estate, in any case where, from
    the absence of the will or the non-residence of witnesses in this state, it
    cannot be proved before the surrogate.

Such commission may be issued by the chancellor, although all the subscri-
    bing witnesses to the will are dead; but, in such a case, the proof taken
    will have no greater effect as evidence, than a will proved before a surro-
    gate without producing any of the subscribing witnesses thereto.

The chancellor alone can grant a commission to take proof of a will out of
    the state, and it cannot be issued by the direction of a vice chancellor. All
    the proceedings must be entered in the office of the register at Albany.

In this case a commission was duly issued to take the proof <span>June 21st.</span>
of the validity of the will of William Hornby, late of London,
deceased. By the evidence taken under the commission, it
appeared that the original will was deposited in the regis-
try of the prerogative court of Canterbury, from whence it
could not be removed to this state; and that the copy there-
of, annexed to the commission, was an exact copy of the orig-
inal will on file. It also appeared that all the subscribing
witnesses to the will were dead; that, until their deaths, they
all resided in England, where the will was executed; and
their hand writing, as well as the hand writing of the testa-
tor to the original will on file, were duly proved. The com-
mission and dispositions were returned, and delivered to the
register of this court by the commissioner, personally. The
only questions which arose in the case, were whether the will
was duly proved, to entitle the authenticated copy there-
of to be recorded as a will of real estate; and as to the effect
of such proof. The court having taken time to examine the
subject, delivered the following opinion.

THE CHANCELLOR. The article of the revised statutes
relative to wills of real estate, and the proof of them, (2 R.
S. 56,) has made a distinction, as to the effect of the proof,
between those cases where one of the subscribing witnesses
is alive and is examined personally, and the cases of proof of

1831.

In the matter
of Hornby's
will.

the hand writing, where all the witnesses to the will are dead, or out of the jurisdiction of the court. In the first case, the record is evidence of the due execution of the will, until repelled by contrary proof. But in the latter case it can only be received in evidence in connection with other proof that the lands in controversy and devised by the will have been held under the same for the space of 20 years. (2 R. S. 58, § 15, 18.) The amendment adopted by the act of April, 1830, (3 R. S. app. 149, § 16,) authorizes the chancellor to issue a commission and take proof of the will either of real or personal estate, where the subscribing witnesses reside abroad, or where the original will is retained in a foreign tribunal. This statute does not, in express terms, authorize the proof of a will of real property executed out of this state, where all the subscribing witnesses thereto resided abroad, but they are dead at the time of issuing the commission. It is evident, however, that the legislature intended to provide for such a case; as, by another provision of the statute, it is made necessary to have every will of real estate recorded in the office of the surrogate, or of the register of this court, within four years after the death of the testator. (1 R. S. 748, § 3. 3 R. S. app. 148, § 12.) And it must frequently happen that all the subscribing witnesses to the will are dead, even before the death of the testator. In such cases, where the will is impounded in a foreign tribunal, or the witnesses to prove the hand writing are out of state, the will cannot be proved before the surrogate. I think the sound construction of the several new provisions, introduced into the revised statutes by the 12th and 16th sections of the act of April, 1830, is, that the chancellor may issue a commission to prove a will of real or personal estate, in any case where, from the absence of the will or the non-residence of witnesses in this state, it cannot be proved in the usual manner before the surrogate, by producing the subscribing witnesses or by proving their hand writing. In the first case it is evident the hand writing can only be proved by an inspection of the will in the foreign tribunal; and where the will was executed abroad, and all the subscribing witnesses are dead, it will generally happen that the evidence of their hand writing can

only be obtained at the place where the will was executed. I must therefore declare that the evidence taken under this commission is sufficient to establish the validity of the original will, in consequence of the proof of the death of all the subscribing witnesses, and who resided out of this state at the execution of the will, and at their death ; and the register must record the authenticated copy and the proofs or examinations annexed to the commission.

As to the effect of the proof, it may not be necessary for the court to express an opinion at this time, as it will not be conclusive upon parties claiming in opposition to the will. But to prevent any missapprehension of my views on this subject, and, if possible, to prevent unnecessary litigation in relation to this question, I think it proper to give a construction of the statute as to this part of the case. So far as the proof and recording of a will is to operate as a constructive notice to subsequent purchasers from the heir at law, or to protect the title of the devisee, if the will is proved and recorded within the time prescribed by law, there seems to be no distinction in the statute between the effect of the proof of a will proved by one or more of the subscribing witnesses, and one where proof of hand writing is resorted to, for want of other evidence.

It can hardly be supposed, however, that the framers of the law intended to give any greater force and effect to the proof of hand writing taken under a commission executed abroad, than is given to the same species of evidence when taken in the tribunals of our own state. As to the personal estate, the decree establishing the will is, in either case, conclusive, until opened or reversed by a direct proceeding. The correctness of that decision cannot be inquired into collaterally. But it would be introducing a new principle into our law, to permit either a deed or a will to be proved, in a manner, ex parte, by any other than a subscribing witness, and to give to the registry thereof the same force and validity as if the subscribing witnesses had proved its due execution. Hence, I conclude, notwithstanding the broad terms of the 66th section of the amendment, that the proofs taken under this commission can have no greater force or effect as evidence of the due execution of the will, than they would

have had if they had been taken by the surrogate under the
16th section of the title of the revised statutes concerning
wills and testaments, as originally passed.

It may also be proper to observe, that the power of issuing
a commission to take the proof on a will abroad, is by the
statute conferred on the chancellor alone, and cannot be ex-
ercised by a vice chancellor; and all the proceedings in such
cases must be entered in the office of the register at Albany