*Nov. 1839.*

*Stephens*
*v.*
*Brooks and*
*others.*

---

## STEPHENS *vs.* BROOKS and others.

When the testator and all the witnesses to the execution of a will, are dead, a bill cannot be filed in this court by a devisee, to take proofs of the due execution of the will and of the sanity of the testator, with a view to have the same recorded as a will of real estate.

The Court of Chancery has no power to give to proofs taken under such a bill, the effect of a record of a will duly proved.

But the Court of Chancery has power to cause the necessary proofs to be taken to perpetuate the testimony of the witnesses to the necessary facts.

THIS bill is filed by the widow and devisee of Gerritt Stephens, against the heirs of said Gerritt Stephens. It sets forth the will, and the devise to the complainant—the death of the testator, and the death of all the subscribing witnesses to the will—and that the will has not been, and by reason of the death of the subscribing witnesses, cannot be, duly proved and recorded as a will of real estate—and prays that testimony may be taken as to the execution of the will and the sanity of the testator—and that it may be perpetuated and preserved—and that the will may be properly recorded as evidence of the complainant's title to the real estate devised to her

by said will.   Proofs were taken under a stipulation of the respective parties, and the depositions of five witnesses as to the execution of the will by the testator, his sanity at the time, and the subscription by the witnesses, have been returned.   The proof is satisfactory as to the hand-writing of the testator and the witnesses, and as to the testator's sanity.

*J. A. Guernsey,* for complainant.

THE VICE CHANCELLOR.   The solicitor who instituted these proceedings, seems to have entertained the idea that it was competent for this court to take proof of a will in a case like that presented by the bill, and have it recorded so that the record would have the same effect as the record of a will properly proved before a surrogate.   In this supposition I apprehend there is an error.   I cannot find that the statute any where provides for the proof of an instrument by other than the subscribing witnesses, so as to give the registry thereof the same force, effect, and validity as if a subscribing witness had proved its due execution.   Provision is made in the Revised Statutes, Vol. 2, page 3, Sec. 16, for the proof of wills before a surrogate, when all the subscribing witnesses are dead.   Sec. 17 directs how such proofs are to be disposed of, after they have been taken.   And Sec. 18 declares their effect, which is, that exemplifications of such proofs may be received in evidence upon any trial or controversy concerning the same will, after it shall have been proved in such trial or controversy, that the lands in question therein have been uninterruptedly held under such will, for the space of twenty years before the commencement of the suit in which such trial shall be had.

By act of 1837, Sess. Laws, p. 528, Sec. 20, it is provided, also, that when all the witnesses to a will are dead, it may be proved before a surrogate, and recorded as a will of personal estate only.

There are likewise certain powers given by statute to the Chancellor, in relation to wills—to issue commissions when witnesses resided out of the State—and to take proofs of wills deposited in any foreign office, as in the prerogative Court of Canterbury. But the Chancellor decides that this power is conferred upon him alone, and cannot be exercised by a Vice Chancellor; and further, that the proofs of a will so taken and recorded, are not evidence any farther than they would be if taken before a surrogate, under the statute first mentioned. 2 Paige Rep. 429.

So that, on the whole, I do not perceive that this court has any power so to dispose of this will and the proofs returned, as to make its record effectual proof as a will of real estate.

But a part of the prayer of the bill is for the testimony so taken, to be perpetuated; and this court unquestionably has power to grant so much of the prayer of the bill. 2 Story Commentaries on Equity, page 719. The complainant may therefore, if she chooses, take an order that the depositions returned to this court, together with the will, remain in this court to perpetuate the memory thereof, to be used in case of the death of the witnesses, or their inability to travel, as there shall be occasion. 2 Story, 723.

The complainant is not entitled to costs; but, on the contrary, the heirs seem to be entitled to costs if they require them. 2 Story, 719.